| | |
|---|---|
| 1 | James H. Moon (CA State Bar No. 268215) |
| | DAVIS WRIGHT TREMAINE LLP |
| 2 | 865 South Figueroa Street, 24th Floor |
| | Los Angeles, California 90017-2566 |
| 3 | Telephone: (213) 633-6800 |
| | Facsimile: (213) 633-6899 |
| 4 | Email: jamesmoon@dwt.com |
| 5 | Kenneth E. Payson (*pro hac vice*) |
| | Caitlyn G. Cowan (*pro hac vice*) |
| 6 | DAVIS WRIGHT TREMAINE LLP |
| | 920 Fifth Avenue, 33rd Floor |
| 7 | Seattle, Washington 98104-1610 |
| | Telephone: (206) 662-3150 |
| 8 | Facsimile: (206) 757-7700 |
| | Email: kenpayson@dwt.com |
| 9 | caitlyncowan@dwt.com |
| 10 | *Attorneys for Defendant Twilio Inc.* |

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ANTHONY, | Case No. 3:24-cv-02999-RS |
| Plaintiff, | Assigned to the Honorable Richard Seeborg |
| v. | **DEFENDANT TWILIO INC.'S MOTION TO DISMISS COMPLAINT** |
| TWILIO INC., | |
| Defendant. | **[*Proposed Order Filed Concurrently*]** |
| | Date: January 9, 2025 |
| | Time: 1:30 p.m. |
| | Crtm: 3 |
| | Action Filed: May 17, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 9, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Richard Seeborg, in Courtroom 3 – 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Twilio Inc. ("Twilio") will and hereby does move this Court, under Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Complaint filed by Plaintiff Michael Anthony with prejudice.

Mr. Anthony asserts one individual cause of action against Twilio for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), based on calls and text messages he allegedly received from third parties after listing his number on the National Do Not Call Registry. The Complaint should be dismissed because Mr. Anthony fails to allege a "telephone solicitation," let alone more than one such solicitation in any twelve-month period, as required to state a claim under Section 227(c)(5).

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, any reply memorandum or other papers submitted in connection with this Motion, the pleadings and other documents filed in this action, any matter of which this Court may properly take judicial notice, and such evidence and argument as may be presented at or before the hearing on this Motion.

DATED: October 23, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
     James H. Moon

*Attorney for Defendant Twilio Inc.*

---

TWILIO'S MOTION TO DISMISS
Case No. 3:24-cv-02999-RS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Michael Anthony sued Defendant Twilio Inc. ("Twilio") based on "hundreds" of vaguely described phone calls and text messages he purportedly received from third parties while he was listed on the National Do-Not-Call Registry ("DNC Registry"). He asserts one cause of action against Twilio for violation of a narrow provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), based on third parties' alleged use of Twilio's platform to send the messages. These alleged communications, even if they occurred, do not give rise to TCPA liability against Twilio.[1]

Twilio is a cloud-based software company that provides protocols and tools enabling third-party developers to send their own calls and text messages to their own distribution lists. Twilio's customers decide whether, when, how, to whom, and what communications they wish to initiate or cause to be initiated to others. Twilio does not and cannot cause or control those communications. Mr. Anthony alleges he received text messages and calls from various third parties that used Twilio's platform to send their messages. Yet through this action,[2] he seeks to hold Twilio, but not its third-party customers, responsible for those third parties' alleged violations of the TCPA.

Mr. Anthony fails to allege facts sufficient to sustain his lone individual claim for violation of Section 227(c)(5) of the TCPA. That section authorizes claims by a plaintiff who receives (1) more than one telephone call within any twelve-month period (2) by or on behalf of

---

[1] If it must, Twilio will establish through a motion for summary judgment that it did not initiate or cause to be initiated any of the alleged text messages or calls Mr. Anthony received from third parties. Twilio reserves its right to bring a motion for sanctions based on the baseless allegations in Mr. Anthony's Complaint on that issue. But that issue is not raised in this Motion given Mr. Anthony has not pled a viable claim even if it is assumed at this stage that the text messages were initiated by Twilio.

[2] Mr. Anthony is no stranger to TCPA litigation. He recently filed and then dropped a lawsuit in Florida against a company that purportedly texted him using Twilio's platform. *See Anthony v. Brian Mktng. Grp.*, No. 9:24-cv-80800 (S.D. Fla.). He also filed and dropped a prior legal action against Twilio in a Pennsylvania court. *See Anthony v. Twilio Inc.*, No. MJ-32247-CV-0000368-2022 (Pa. Commw. Ct.). Mr. Anthony also filed, and a federal court dismissed with prejudice, a TCPA class action against the National Republican Congressional Committee. *See Anthony v. Nat'l Republican Cong. Comm.*, No. 2:22-cv-03382 (E.D. Pa.).

the same entity (3) in violation of the prescribed TCPA regulations. Mr. Anthony's Complaint does not reference a predicate TCPA regulation. Assuming Mr. Anthony meant to base his claim on alleged violations of the only prescribed TCPA regulation concerning the DNC Registry, his claim still fails. That regulation, 47 C.F.R. § 64.1200(c)(2), prohibits only certain "telephone solicitations," i.e., calls or text messages for the purpose of encouraging the recipient to purchase, rent, or invest. The Complaint fails to specify the content or dates of most of the alleged calls and text messages for the Court to determine whether such communications could constitute "more than one" "telephone solicitation" within a twelve-month period. The two communications he does specify the content of do not qualify as "telephone solicitations."

Accordingly, Mr. Anthony's Complaint should be dismissed for failure to state a claim.

## II.     STATEMENT OF ISSUE TO BE DECIDED

Whether this Court should dismiss Mr. Anthony's Complaint against Twilio for failure to state a claim on which relief can be granted.

## III.     STATEMENT OF RELEVANT FACTS

Twilio is a software company that offers its customers the ability to initiate calls and text messages to cell phones via a computer program. *See* Compl. ¶¶ 2, 48. Twilio provides a set of cloud-based protocols and tools for building software applications, which enable *third-party software developers* to create applications of *their* design to make and receive calls, videos, and text messages. *See id.* ¶ 51. Twilio offers the building blocks for communications, but the third-party developers give their application life, initiating, and causing to be initiated, calls and text messages.

Through this action, Mr. Anthony seeks to hold Twilio responsible for third-party text messages sent using Twilio's platform. Mr. Anthony alleges in conclusory fashion, "[Twilio] has initiated hundreds of calls" to his number "as early as June 2021," "making illegal call after illegal call" to Mr. Anthony after he "registered his Cell Phone on the Do Not Call Registry" on May 20, 2004. *Id.* ¶¶ 3, 4, 66, 68. In support, Mr. Anthony alleges he purportedly "received multiple text messages from (919) 750-8278," ("919 Number") a phone number allegedly "assigned to [Twilio]," "soliciting Plaintiff for available rooms to rent." *Id.* ¶¶ 68–69. He then

alleges that "[o]n or around October 28, 2021," he "received text messages regarding the purchase of his property from another phone number assigned to [Twilio], i.e. (817) 904-4148" ("817 Number"). *Id.* ¶ 70. He alleges the messages from the 817 Number were telephone solicitations because they were "attempting to buy Plaintiff's property." *Id.* ¶ 71.

In 2022, Mr. Anthony allegedly "received pre-recorded calls and text messages" from Fulcrum Home Solutions, LLC. *Id.* ¶ 78. Fulcrum Home Solutions, LLC purportedly "identified Twilio as the service being used to generate pre-recorded calls." *Id.* ¶ 79. Mr. Anthony further alleges he "received unsolicited and pre-recorded calls and text messages from" certain numbers in October 2022 and certain other numbers in November 2022, "all owned by Twilio." *Id.* ¶¶ 82–83. Mr. Anthony does not allege any further facts regarding the content or dates of the communications he allegedly received from any of these texters or callers.

The remainder—and lion's share—of the Complaint contains irrelevant and inaccurate allegations regarding Twilio and its service offerings, purportedly supported by misleading citations to factual sources, most of which are not accessible via the URLs cited. It appears that Mr. Anthony plucked language from a complaint filed in an eight-year-old lawsuit captioned *Wick v. Twilio Inc.*, No. 2:16-cv-00914 (W.D. Wash. 2016), in which Twilio prevailed. *Id.*, ECF No. 57 (order dismissing TCPA claims). Even a cursory examination of the two complaints shows Plaintiff's allegations regarding Twilio's business were copied from the *Wick* complaint (*id.*, ECF No. 1) without any attempt to independently verify those allegations, which were incorrect when filed as proved by the dismissal of that action. *Compare, e.g.*, Compl. ¶¶ 89–91, *with Wick* complaint ¶¶ 71–73; Compl. ¶ 57, *with Wick* complaint ¶¶ 33, 36, 37; Compl. ¶¶ 2, 20, *with Wick* complaint ¶¶ 2, 4, 8.

### IV. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Courts require "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plausible claim for relief requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Dismissal should be with prejudice where amendment would be futile. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023).

## V. ARGUMENT

The Court should dismiss Mr. Anthony's sole cause of action under 47 U.S.C. § 227(c)(5) because he fails to allege facts sufficient to establish a telephone solicitation, as required under the only TCPA regulation potentially applicable to his claim.

### A. Mr. Anthony Appears to Be Alleging a Violation of Section 227(c)(5).

Section 227(c)(5) allows a plaintiff to bring a claim if the plaintiff has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)] . . . ." 47 U.S.C. § 227(c)(5). A necessary element for that claim is that the calls were "made in violation of the regulations prescribed under § 227(c)." *Aussieker v. TSHB, LLC*, 2024 WL 379394, at *3–4 (E.D. Cal. Feb. 1, 2024) (noting plaintiffs alleged specific regulations defendants violated and analyzing sufficiency of factual allegations accordingly), *report and recommendation adopted*, 2024 WL 870449 (E.D. Cal. Feb. 29, 2024); *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *8–9 (C.D. Cal. Dec. 2, 2019) (same). At the threshold, Mr. Anthony's Complaint fails to identify any predicate regulation enacted under Section 227(c) or otherwise.

Even if the Court gives Mr. Anthony the benefit of the doubt and attributes his claim to the TCPA regulation governing the DNC Registry, Mr. Anthony's claim still fails. In particular, given Mr. Anthony's reference to a "violation of the regulations governing the Do-Not-Call registry," Compl. ¶ 87, Mr. Anthony may attempt to premise his TCPA claim on 47 C.F.R. § 64.1200(c)(2). That regulation prohibits the initiation of "telephone solicitations" to residential telephone subscribers who have registered their phone numbers on the DNC Registry:

4

TWILIO'S MOTION TO DISMISS
Case No. 3:24-cv-02999-RS

> No person or entity shall initiate any *telephone solicitation* to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive *telephone solicitations* that is maintained by the Federal Government.

47 C.F.R. § 64.1200(c)(2) (emphasis added). Thus, to state a cause of action under Section 227(c)(5) based on violations of Section 64.1200(c)(2), Mr. Anthony must allege facts sufficient to establish at a bare minimum that he received more than one qualifying "telephone solicitation." He does not.

Indeed, Mr. Anthony fails to allege facts sufficient to establish that he received even one call or text satisfying the definition of a "telephone solicitation" under the TCPA. Under the TCPA:

> The term "telephone solicitation" means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit corporation.

47 U.S.C. § 227(a)(4); *see also* 47 C.F.R. § 64.1200(f)(15).

Mr. Anthony fails to allege that he received any call or text encouraging him to purchase, rent, or invest in anything, 47 C.F.R. § 64.1200(c)(2), let alone that he received such a communication more than once within any twelve-month period, 47 U.S.C. § 227(c)(5).

### B. Mr. Anthony Fails to Allege He Received a Telephone Solicitation.

The Complaint is devoid of allegations that Twilio sent Mr. Anthony "telephone solicitations." It summarily alleges "[Twilio] has initiated hundreds of calls" to Mr. Anthony's number "as early as June 2021," "making illegal call after illegal call." Compl. ¶¶ 3, 4, 68. The Complaint does not, as required to "survive a motion to dismiss," "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "[M]ere conclusory statements," such as the above, "do not suffice." *Id.*

The Complaint's allegations concerning the indeterminate number of calls and text messages Mr. Anthony allegedly received are limited to the following:

1) October 28, 2021 text messages from the 817 Number regarding the purchase of Mr. Anthony's property, Compl. ¶ 70;

2) 2022 "pre-recorded calls and text messages" from Fulcrum Home Solutions, LLC, *id.* ¶ 78, and certain other phone numbers, *id.* ¶¶ 82–83; and

3) June 2021 text messages from the 919 Number soliciting him for available rooms to rent, *id.* ¶¶ 68–69.

But none of those alleged calls or text messages constitute telephone solicitations.

*First*, Mr. Anthony's allegation that the text messages from the 817 Number regarding the ***sender's*** interest in purchasing Mr. Anthony's property constituted telephone solicitations has the analysis backwards. *Id.* ¶¶ 70–71. "Telephone solicitations are calls intending to encourage a purchase by the ***listener***, not the caller" or texter. *Orea v. Nielsen Audio, Inc.*, 2015 WL 1885936, at *3 (N.D. Cal. Apr. 24, 2015) (emphasis added) (collecting cases and dismissing TCPA claim premised on calls attempting to purchase plaintiff's "labor and information"). "[O]ffers for the purpose of ***procuring*** property, not 'encouraging the purchase' of property" are not telephone solicitations. *Wilbor v. GG Homes, Inc.*, 2022 WL 867024, at *6 (S.D. Cal. Mar. 22, 2022) (emphasis added) (dismissing TCPA claim premised on text messages inquiring whether plaintiff "had any 'off-market deals or packet listings that might make a good "fix and flip" project'"). The purported inquiry by a third party regarding the possibility of purchasing ***from*** Mr. Anthony his property does not meet the definition of a telephone solicitation, as it does not encourage Mr. Anthony to purchase, rent, or invest in anything. Accordingly, the alleged text messages from the 817 Number were not telephone solicitations.

*Second*, none of the "pre-recorded calls [or] text messages" allegedly sent to Mr. Anthony by Fulcrum Home Solutions, LLC, or by third parties using the other phone numbers he alleged, can constitute telephone solicitations. Compl. ¶¶ 78, 82–83. Mr. Anthony does not provide any detail as to the content of those communications. Without those attendant allegations, Mr. Anthony fails to sufficiently "allege[] the content of the . . . calls" to "allow the

6

TWILIO'S MOTION TO DISMISS
Case No. 3:24-cv-02999-RS

Court to reasonably infer that these . . . calls were solicitations." *Greene v. Select Funding, LLC*, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (dismissing TCPA claim when plaintiff alleged the content of one call as a solicitation, but not the other seven, and thus failed to establish more than one telephone solicitation within a twelve-month period). Consequently, Mr. Anthony fails to allege sufficient facts related to Fulcrum Home Solutions, LLC's or the other listed third-party numbers' purported activity to show even a single telephone solicitation.

*Third*, the allegations regarding text messages allegedly sent by the 919 Number purportedly "soliciting Plaintiff for available rooms to rent" does not adequately plead a telephone solicitation. Compl. ¶ 69. Mr. Anthony does not specify whether the 919 Number was asking if Mr. Anthony had rooms available to rent or asking Mr. Anthony if he was interested in rooms the 919 Number had available to rent. If the former, the text messages were not telephone solicitations because "[o]ffers for the purpose of procuring property" are not telephone solicitations. *Wilbor*, 2022 WL 867024, at *6. And even if the latter, Mr. Anthony's failure to specify the nature of the messages or when any of them were sent does not "allow the Court to reasonably infer" that any call or text message was a telephone solicitation, or that more than one telephone solicitation occurred within a twelve-month period. *Greene*, 2021 WL 4926495, at *5. In all events, Mr. Anthony has not met his pleading burden given his vague and indeterminate allegations. *See Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014) ("[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.").

Thus, Mr. Anthony fails to allege facts showing multiple telephone solicitations sufficient to state a claim.

## VI. CONCLUSION

Not one of Mr. Anthony's allegations related to the various alleged callers or texters constitutes facts sufficient to establish a telephone solicitation under 47 C.F.R. § 64.1200(c)(2),

7

TWILIO'S MOTION TO DISMISS
Case No. 3:24-cv-02999-RS

let alone more than one telephone solicitation within a twelve-month period. Mr. Anthony thus fails to state a claim under 47 U.S.C. § 227(c)(5). Accordingly, his Complaint should be dismissed.

DATED: October 23, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ James H. Moon
James H. Moon

*Attorney for Defendant Twilio Inc.*