UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY,

    Plaintiff,

v.

TWILIO INC.,

    Defendant.

Case No. 24-cv-02999-RS

**ORDER GRANTING LEAVE TO AMEND AND DENYING AS MOOT MOTION TO DISMISS**

## I. INTRODUCTION

This case concerns averred violations of the Telephone Consumer Protection Act ("TCPA"). For the following reason, Plaintiff Michael Anthony's motion for leave to amend his complaint is granted, and Defendant Twilio Inc.'s motion to dismiss the prior complaint is denied without prejudice.

## II. BACKGROUND

Plaintiff avers that Defendant "has initiated hundreds of calls" to his cell phone in violation of the TCPA. Compl. at 2. Defendant moved to dismiss the complaint for failure to state a claim. Plaintiff then attempted to amend the complaint via stipulation, to no avail. Plaintiff now moves for leave to file an amended complaint—though, notably, without having attached the proposed pleading.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that parties may amend their pleadings once as a matter of course, provided that amendment occurs within 21 days of service or, if the pleading

United States District Court
Northern District of California

1  is one to which a responsive pleading is required, 21 days after service of that responsive pleading.
2  Fed. R. Civ. P. 15(a)(1). Rule 15 also states that leave to amend "shall be freely given when
3  justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "[t]his policy is to be applied
4  with extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.
5  2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).
6  Courts generally consider four factors: (1) bad faith on the part of the movant; (2) undue delay; (3)
7  prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371
8  U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the most weight.
9  *Eminence Capital*, 316 F.3d at 1052. In addition, courts may also consider whether the plaintiff
10 has previously amended his complaint. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL
11 3149297, at *2 (N.D. Cal. July 25, 2017). Local Rule 10-1 requires that "any party filing or
12 moving to file an amended pleading must reproduce the entire proposed pleading and may not
13 incorporate any part of a prior pleading by reference."

## IV. DISCUSSION

Despite not having followed the local rule that requires attaching a proposed pleading to a motion to amend the pleadings, Plaintiff's motion for leave to file an amended complaint is granted in keeping with the "extreme liberality" that the Ninth Circuit has instructed district courts to apply in instances such as these. *See Eminence Capital, L.L.C.*, 316 F.3d at 1051. None of the four *Foman* factors weigh against the amendment. Plaintiff is reminded, however, to attach a proposed pleading when seeking leave to file it while practicing in this district.

Because Plaintiff has leave to amend the pleadings, Defendant's motion to dismiss the original complaint is moot. Defendant will have an opportunity to re-file such a motion following the filing of the first amended complaint. The motion hearing scheduled for January 9, 2025 is hereby vacated. The initial case management conference scheduled that same day is hereby continued until March 13, 2025. Parties are instructed to file a joint case management statement one week in advance of that date.

**IT IS SO ORDERED**.

Dated: December 16, 2024

_____
RICHARD SEEBORG
Chief United States District Judge